

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

*Overrules 0-4357*

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. A. Hadden
County Attorney
Pecos County
Fort Stockton, Texas

Dear Sir:

Opinion No. 0-7319
Re: Authority of County
Commissioners' Court
to issue Time Warrants
for certain permanent
improvements.

We acknowledge receipt of your letter of July 26, 1946, in which you request an opinion from this department on the following question, quoting from your letter:

"The question is whether under the law, is the Commissioners' Court authorized to issue time warrants over a period of 10 years, for Park Improvement $45,000.00, Airport $55,000.00, Library and Museum Building $50,000.00, Youth Center $50,000.00, annual requirements $24,000.00, requiring a levy of .06¢ on $100.00 valuation per annum."

In answering your question, we will consider first the general power of a county to issue time warrants.

Prior to 1903 there was no provision in our statutes for the issuance of bonds, and the courts held that counties had the implied authority to issue time warrants for the construction of permanent improvements. Stratton v. Commissioners' Court of Kinney County, 137 S. W. 1170; Cowan et al v. Dupree et al, 139 S. W. 887; Commissioners' Court of Floyd County et al v. Nichols et al, 142 S. W. 37; Allen v. Abernathy et al, 151 S. W. 348.

Some time after these decisions the Legislature authorized the issuance of bonds for courthouses, jails, public roads, etc.

Later, in the case of Lasater v. Lopez, 217 S. W. 373,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the Supreme Court held that it was within the discretion of the Commissioners' Court whether they issued time warrants or bonds for the construction of permanent improvements. In this opinion Judge Phillips deals at length with the constitutional and legislative enactments which gave the Commissioners' Courts authority to issue both warrants and bonds.

In the more recent case of Adams v. McGill, 146 S. W. (2d) 332, in which this department intervened, the court held that under a statute authorizing a county to provide for annual exhibitions of horticultural and agricultural products, the county had the implied power to issue time warrants payable over a period of years for improvements to livestock and agricultural buildings.

We quote from the opinion as follows:

". . .'A distinction is drawn between borrowing money and obtaining property or labor on credit, it being everywhere held that a municipal corporation has an implied power to use its credit for the accomplishment of any object for which it is authorized by law to expend money.'

"In the case of Bridgers v. City of Lampasas, Tex. Civ. App., 249 S. W. 1083, 1084, writ of error refused, this distinction is drawn with great clarity. The opinion is by that great jurist, Judge Key. In the opinion this proposition, taken from appellant's brief, was approved: 'It is generally conceded and well established that municipal corporations are invested by implication with the power to contract on the general credit of the city with respect to such improvements as they are authorized to make'. The section we have referred to above in Ruling Case Law was quoted from with approval in the course of the opinion. The same section is cited in the case of Clark v. W. L. Pearson & Co., 121 Tex. 34, 39 S. W. 2d 27, 31, as sustaining the following proposition: 'The rule is well established that municipal corporations are invested at least with an implied or incidental power to contract on the general credit of the city with respect to such improvements as they are authorized by law to make'. Among the numerous cases

Honorable W. A. Hadden - page 3

cited by Judge Sharp in support of the proposition
is the case of Lasater v. Lopez, 110 Tex. 179, 189,
217 S. W. 373.

"It is true that the foregoing two Texas cases
we have cited and briefly discussed involve the pow-
er of cities. The case of Lasater v. Lopez, supra,
cited by Judge Sharp, involves a county. But we see
no valid reason why the reasoning does not apply to
the action of a county acting within the orbit of its
authority conferred by law. . . ."

We consider that the above cited decisions establish the
general rule that a county may issue time warrants in payment for
any permanent improvements which the county is expressly authorized
to construct by authority of the statutes of this State.

In regard to Park Improvements, Art. 6078, V. A. C. S.,
as amended by Acts 1941, 47th Legislature, Chapter 270, gives to
counties the authority for the purchase and improvement of land
for use as county parks. Upon approval at an election called for
that purpose, a tax of 5¢ on the One Hundred ($100.00) Dollar valu-
ation may be levied for the execution of such purpose. Art. 6081e
V. A. C. S. further authorizes cities and counties to issue bonds
for the purchase and improvement of land for park purposes and to
levy a tax not exceeding 10¢ on the One Hundred ($100.00) Dollar
valuation to pay for such bonds, subject to certain regulations.

Therefore, since park improvements are authorized by stat-
ute, we believe that the issuance of time warrants in payment for
such improvements comes within the above-stated general rule and
that such warrants are authorized provided they are issued subject
to the express restrictions imposed by the constitution and Gen-
eral Laws and that the applicable regulations relating to the is-
suance of such warrants are strictly observed.

In regard to Airports, Art. 1269h V. A. C. S., gives to
the Commissioners Courts of the several counties of this State the
authority to purchase or lease airports, and to levy a tax of 5¢ on
the One Hundred ($100.00) Dollar valuation to execute such purpose.
In the case of Rains v. Mercantile National Bank at Dallas, 186 S. W.
2d 797, affirmed by the Supreme Court, 191 S. W. 2d 850, the court
held that expenditure for the construction of County Airports is
authorized by Art. 1269h and that warrants issued in payment of
such expenditures are not invalid, citing Adams v. McGill (supra).

Honorable W. A. Hadden - page 4


　　　　We therefore hold that, subject to the express restrictions imposed by the Constitution and General Laws and provided that the applicable regulations relating to their issuance are strictly observed, time warrants may be issued to pay for expenditures incurred in connection with County Airports.

　　　　In regard to a Library and Museum Building, we quote from a letter of the Bond Division of this department, dated May 16, 1942, which letter was also concerned with the authority of a county to issue time warrants for the construction of a library building:

　　　　"The Acts of the Second Called Session of the Thirty-Sixth Legislature of 1919, page 219, have been compiled by Vernon's as Articles 1677-1696, inclusive, to which law we have referred and have concluded that the only authority the Commissioners Court has for the establishment of a county free library is that contained in such law, and this law provides that such library can be established only 'in the manner and with the functions prescribed in this title.' We doubt very seriously that the Commissioners Court has the authority to do anything with reference to the establishment of a county library other than is authorized under Title 35 of the Revised Civil Statutes of Texas. We believe that the county is without authority to construct a library building, it appearing from the law that the county library must be located at the county seat in the courthouse as of the time it is determined to establish such library, unless at that time more suitable quarters are then available. The Act itself, by appropriate language, limited the Commissioners Court of any county in the power to establish a free library system for such county."

　　　　In our opinion, therefore, a county has no authority to construct a library building and, therefore no authority to issue time warrants in payment therefor.

　　　　With regard to a museum, however, we refer you to Art. 2372d, Sec. 1, V. A. C. S., which reads as follows:

　　　　"All counties in the State acting by and through their respective Commissioners' Courts may provide for annual exhibits of horticultural and agricultural products, livestock and mineral

Honorable W. A. Hadden - page 5

products, and such other products as are of inter-
est to the community. In connection therewith, such
counties may also establish and maintain museums,
including the erection of the necessary buildings
and other improvements, in their own counties or in
any other county or city in the United States, where
fairs or expositions are being held."

Since the above-quoted statute authorizes the construc-
tion of museum buildings only in connection with exhibits of horti-
cultural and agricultural products, livestock and mineral products,
and such other products as are of interest to the community, it is
our opinion that the type of museum building anticipated by your
letter, namely, a joint library and museum building, is not au-
thorized, by the statutes of this State, and therefore time war-
rants in payment for the construction of such building are not
authorized.

In regard to a Youth Center, we are unable to find any
statute specifically authorizing a county Commissioners' Court
to construct, purchase, lease, operate or maintain a "Youth Cen-
ter" or similar project.

It is a well-established principle of law in this State
that authority of Commissioners' Courts to make contracts of any
kind is strictly limited to that conferred either expressly or
by fair or necessary implication by the Constitution and laws of
this State. Roper v. Hall, 280 S. W. 289, Mill County v. Bryant,
264 S. W. 520, Moore v. McLennan County, 275 S. W. 428.

Article 2351, R. C. S. 1925, contains the following
general provision relative to authority for the construction of
public buildings:

"Each Commissioners' Court shall: . . .

"7. Provide and keep in repair courthouses,
jails and all necessary public buildings."

The San Antonio Court of Civil Appeals in the case of
Leroy, County Judge, et al v. Davidson, et al, 167 S.W. 2d 12,
determining the authority of a county to provide an office build-
ing for various county and federal agencies, construed Art. 2351,
holding as follows:

Honorable W. A. Madden - page 6

> " . . . .By the term 'public building' as used in
> the statute is meant a building used primarily for
> public or governmental purposes, that is, to house
> public or governmental agencies. The power to provide
> includes the power to purchase. Svartz v. Board of
> Com're of Lake County, 158 Ind. 141, 63 N. E. 31. The
> Commissioners' Court is the legal body authorized un-
> der the statute to determine whether or not a 'public
> building' is 'necessary,' and its decision relating
> thereto cannot be disturbed by this Court, except up-
> on a showing of an abuse of discretion. Bradford v.
> Moseley, Tex. Com. App., 223 S. W. 171; . . . ."

Your letter does not indicate the exact nature of the
"Youth Center for which warrants are sought to be issued, nor
does there appear to be any statutory or judicial definition of
such a project. In our opinion, however, any fair and reasonable
definition of a "Youth Center" will not meet the requirements of
the definition of a "necessary public building" as set out in
the Dancy case (supra); and since no other statutory authority
exists for its establishment by a Commissioners' Court, therefore,
in our opinion, time warrants in payment for expenditures for such
a purpose are not authorized by the law of this State.

It will be noted that tax assessments to be levied for
the Park Improvement and Airport Warrants approved as to purpose
as above mentioned must be charged against the county's permanent
improvement fund.

Trusting that we have fully answered your questions, we
are,

                                    Very truly yours

                                    ATTORNEY GENERAL OF TEXAS

                                    By  N. N. Blanton, Jr.
                                        N. N. Blanton, Jr.
                                        Assistant

WHC/JCT

